IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOHAVEN THERAPEUTICS LTD. and YALE UNIVERSITY, <br><br> Plaintiffs, <br><br> v. <br><br> AVILAR THERAPEUTICS, INC., a Delaware corporation, RA CAPITAL MANAGEMENT GP, LLC, a Delaware Corporation, and MILIND DESHPANDE, an individual, <br><br> Defendants. | Civil Action No. 23-328-JLH-SRF |

## MEMORANDUM ORDER

At Wilmington this **27th** day of **February, 2024**, the court having considered the parties' joint letter concerning proposed redactions to D.I. 90, D.I. 92, and D.I. 93, IT IS ORDERED that Plaintiffs' request for redactions is GRANTED for the following reasons:

**1. Plaintiffs' unopposed redaction requests are GRANTED.** In this trade secrets case, Plaintiffs seek redactions to three filings made in connection with the January 17, 2024 discovery dispute regarding the sufficiency of Plaintiffs' trade secret identification ("TSID"). (D.I. 119) Table 2 of the parties' letter submission identifies redactions proposed by Plaintiffs which Defendants do not oppose. (*Id.* at 4-5) Consequently, Plaintiffs' request for relief is GRANTED with respect to the proposed redactions set forth at Table 2.

**2. Plaintiffs' opposed redaction requests are GRANTED.** Plaintiffs have also demonstrated that disclosure of the contested redactions at Table 1 of the parties' joint letter submission would result in competitive harm. Although there is a common-law right of access to judicial proceedings and records, the presumption of public access is not absolute. *In re Avandia*

*Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). The presumption may be overcome upon a showing of specific, concrete, particularized harm that would result from the disclosure of material containing trade secrets or proprietary business information. *Genentech, Inc. v. Amgen, Inc.*, C.A. No. 17-1407-CFC *et al.*, 2020 WL 9432700, at *2 (D. Del. Sept. 2, 2020). Here, Plaintiffs' proposed redactions at Table 1 are related to trade secrets identified in Plaintiffs' TSID and/or email correspondence about trade secret information which is designated Highly Confidential under the terms of the operative Protective Order. (D.I. 119 at 2-4; D.I. 65 at § 2.3) Plaintiffs satisfy the good cause standard by explaining that disclosure of the redacted material "would harm the merits of Plaintiffs' trade secret claim" and "provide Plaintiffs' competitors with otherwise confidential information, including technical information about Plaintiffs' intellectual property and . . . business plans and strategy." (D.I. 119 at 2); *see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-88 (3d Cir. 1994).

3. Furthermore, the proposed redactions at Table 1 are not subject to the common-law right of access because they apply only to discovery submissions and the associated exhibits. (D.I. 119 at 2-4) The common-law right of access does not attach to discovery motions or raw discovery because such materials are not "judicial records." *Genentech*, 2020 WL 9432700, at *3 (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157 (3d Cir. 1993)). To hold that the January 17 discovery dispute letters and exhibits are subject to the common-law right of access "would have the effect of converting material that is normally not a 'judicial record' into material that is." *Id.* The parties' dispute about the adequacy of Plaintiff's TSID falls within the realm of discovery.

4. Defendants oppose the proposed redactions identified at Table 1 of Plaintiffs' submission based on their position that the content is already in the public domain. (D.I. 119 at

6-10) But Defendants' argument is based on a highly contested fact issue that goes to the ultimate merits of Plaintiffs' claims for trade secret misappropriation. In connection with the January 17 discovery dispute teleconference, Defendants adopted the same position they take here, alleging that the trade secrets identified by Plaintiffs cannot be classified as trade secrets because they were available in the public domain. (D.I. 90) But the court declined to determine whether the identified trade secrets were in the public domain in the context of a discovery dispute because such a ruling would be "a merits-based ruling." (D.I. 103 at 84:3-6) For the same reasons, making such a determination in the context of a dispute about proposed redactions would be premature.

5. Plaintiffs request clarity on the redaction process going forward to avoid unnecessary disputes and minimize the burden on the parties and the court. (D.I. 119 at 1) This Memorandum Order is intended to provide the parties with such guidance to avoid similar disputes in the future that seek a line-by-line, page-by-page analysis of proposed redactions. (*See, e.g.*, D.I. 119, Exs. A-C) (setting forth proposed redactions for three documents totaling 504 pages). The parties should consider the guidance from *Genentech* and *Leucadia* regarding the exception to the public right of access for discovery motions and associated materials. *See Leucadia*, 998 F.2d at 157; *Genentech*, 2020 WL 9432700, at *3. The Third Circuit's decision in *Avandia* provides further direction about redacting material that contains "palpable trade secrets or proprietary business practices that will . . . present commercial and competitive harm[.]" *Genentech*, 2020 WL 9432700, at *2 (citing *Avandia*, 924 F.3d at 676).

6. Additional guidance that predates the present redactions dispute can also be found on the record in this civil action. Specifically, the court's January 17 ruling clarifies that a determination of which trade secrets are in the public domain is a merits-based ruling that is

3

premature on the present record. (D.I. 103 at 84:3-6) Despite this ruling, Defendants now seek the disclosure of documents identified by Plaintiffs as trade secrets based on Defendants' position that such documents are in the public domain. (D.I. 119 at 6-10) Moreover, the parties' own stipulated Protective Order provides that they will not use a challenge to any confidentiality designation as a means of challenging "whether a Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL Information is in fact a trade secret." (D.I. 65 at § 6.2.1) The parties are encouraged to revisit these portions of the record before re-raising challenges to Plaintiffs' identification of trade secrets in discovery.

7. The rulings and guidance provided herein are limited to the circumstances of this case based on the record presently before the court. They should not be construed as an invitation to propose overinclusive redactions of discovery materials in this or any other case. Even in the context of discovery disputes, the parties should endeavor to minimize the use of redactions to preserve the public right of access to any judicial rulings on those disputes. Although there is little public interest in the information that is exchanged in discovery, "it is in the public interest to be able to understand the proceedings before a judge[.]" *Del. Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016).

8. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiffs' request for redactions is GRANTED. Plaintiffs shall docket their proposed redacted versions of the filings on or before **March 1, 2024**.

9. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

10. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge