## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF DELAWARE

| | |
|---|---|
| BIOHAVEN THERAPEUTICS LTD. and YALE UNIVERSITY,<br><br>        Plaintiffs,<br><br>    v.<br><br>AVILAR THERAPEUTICS, INC., a Delaware corporation, and RA CAPITAL MANAGEMENT GP, LLC, a Delaware corporation,<br><br>        Defendants. | C.A. No. 23-cv-328-JLH |

## JOINT MOTION FOR TELECONFERENCE TO RESOLVE DISCOVERY / PROTECTIVE ORDER DISPUTE

Plaintiffs Biohaven Therapeutics Ltd. and Yale University and Defendants Avilar Therapeutics, Inc. and RA Capital Management GP, LLC respectfully move this Court to schedule a teleconference to address outstanding disputes regarding the following discovery/protective order matters:

**Defendants' Issues**

- Whether Plaintiffs should be compelled to comply with the Honorable Magistrate Judge Fallon's Order (D.I. 96) to identify their alleged trade secrets "with greater clarity" instead of providing a 217-page, unenumerated morass that largely summarizes, copies, and incorporates by reference published patent applications without specifying what information therein Plaintiffs contend remained secret after publication or was not included in those published patent applications;

- Whether Plaintiffs should be compelled to supplement their responses to Interrogatory No. 1, which seeks, separately for each Defendant, a numbered list and description of each separate alleged trade secret that Plaintiffs contend that Defendant unlawfully acquired, used or disclosed, including the exact identity, scope, boundaries, constitutive elements, and content of each alleged trade secret, rather than simply point to their deficient Amended TSID;

- Whether Plaintiffs should be compelled to either stand by their current responses to Interrogatory No. 3 or supplement their responses to identify what, if any, reasonable measures Plaintiffs took to protect the alleged trade secrets aside from confidentiality agreements with *some* individuals to whom the alleged trade secrets were disclosed and password protection for Dropbox files where the alleged trade secrets were stored, including any measures taken to protect the alleged trade secrets within the academic community and any measures by both Yale and Biohaven after publication of Plaintiffs' patent applications disclosing the alleged trade secrets;

- Whether Plaintiffs should be compelled to either stand by their current responses to Interrogatory No. 4 or identify any additional factual support for Plaintiffs' contention that the alleged trade secrets possessed independent economic value from secrecy at all relevant times;

- Whether Plaintiffs should be compelled to supplement their responses to Interrogatory No. 5, which seeks information regarding Plaintiffs' disclosures of the alleged trade secrets to others, to identify:

  o (a) documents reflecting disclosures to the dozens of individuals and entities to whom Plaintiffs have disclosed the alleged trade secrets;

  o (b) the individuals outside Dr. Spiegel's laboratory who advised, judged, and/or witnessed the dissertation/thesis defenses of students in Dr. Spiegel's laboratory, including David Caianiello and Emily Branham, who worked on the alleged trade secrets;

  o (c) the individuals and/or entities who attended the 2018 Yale Lifesciences Pitchfest where Dr. Spiegel disclosed the alleged trade secrets; and

  o (d) what "indications" or "instructions" were given to the individuals to whom Dr. Spiegel admittedly disclosed the alleged trade secrets

without a confidentiality agreement, as well as any documents reflecting the timing and nature of these disclosures;

- Whether Plaintiffs should be compelled to supplement their responses to Interrogatory Nos. 6 through 8, which seek information regarding the factual and legal bases for Plaintiffs' contentions regarding the alleged trade secret misappropriation by Defendants, including by identifying any documents that Plaintiffs contend demonstrate misappropriation or unlawful disclosure by Defendants;

- Whether Plaintiffs should be compelled to supplement their responses to Interrogatory No. 9, which seeks information regarding the factual and legal bases for Plaintiffs' contentions that the alleged trade secrets are not generally known or readily ascertainable through proper means, including by providing Plaintiffs' contentions as to:

  o (a) why publication of Plaintiffs' patent applications on October 17, 2019 did not destroy the alleged trade secrets;

  o (b) why disclosure of Emily Branham and David Caianiello's dissertations and/or theses to their advisors outside Dr. Spiegel's laboratory in 2019 and 2020 did not destroy the alleged trade secrets therein;

  o (c) why publication of Dr. Spiegel's ChemRxiv article in July 2020 (D.I. 90-5) did not destroy any alleged trade secrets therein;

  o (d) why Dr. Caianiello's dissertation defense in December 2020 did not destroy the alleged trade secrets therein, including its publication within the Yale library;

  o (e) why publication of Dr. Spiegel's *Nature Chemical Biology* article disclosing the alleged trade secrets in September 2021 did not destroy the alleged trade secrets;

  o (f) why the references discussed in Defendants' November 2023 letter (D.I. 90-23) do not destroy Plaintiffs' trade secret claims; and

  o (g) why the references discussed in David Caianiello's and Emily Branham's dissertations and/or theses do not destroy Plaintiffs' trade secret claims;

- Whether Plaintiffs should be compelled to supplement their responses to Interrogatory No. 10, which seeks information regarding Plaintiffs' disclosure of the alleged trade secrets in their patent applications, including by specifying what information in their published patent applications Plaintiffs contend constitute alleged trade secret(s), including in patent applications incorporated by reference into their Amended TSID;

- Whether Plaintiffs should be compelled to supplement their responses to Interrogatory Nos. 11 and 12, which seek information regarding the factual and legal bases for Plaintiffs' contentions regarding their breach of contract claims, including by identifying:

  - (a) documents that Plaintiffs contend demonstrate breach of contract by Defendant RA Capital; and

  - (b) Plaintiffs' contentions as to why publication of Plaintiffs' patent applications (which are incorporated by reference into the TSID) in October 2019, the numerous articles, dissertations, theses, presentations, other published and non-confidential materials that Plaintiffs disclosed to the public, or any of the prior art references cited in Plaintiffs' publications (not to mention the thousands of other references produced in this case), and RA Capital's maps and related documents predating any disclosure by Dr. Spiegel did not place the information shared by Dr. Spiegel to RA Capital outside the bounds of "Confidential" information, as defined by the 2019 Yale-RA Capital Confidentiality Agreement (D.I. 20-1, Ex. 1);

- Whether Plaintiffs should be compelled to comply with the Honorable Magistrate Judge Fallon's Order (D.I. 96) and the ESI Order (D.I. 68) to produce responsive and relevant documents "from Dr. Spiegel and members of his laboratory communicating with Dr. Crews and/or his laboratory about the alleged trade secrets and/or the ENDTAC technology," including by:

  - Producing communications between Dr. Craig Crews and several members of Dr. Spiegel's laboratory regarding the alleged trade secrets, including communications with at least the following individuals: David Caianiello, Mengwen Zhang, Viswanathan Muthusamy, Venkata Sabbasani, Egor Chirkin, Emily Janeira Branham, Angela Gong, and/or Jake Swartzel;

- Identifying the custodians whose files Yale searched for responsive documents, including any custodians in Dr. Craig Crews' laboratory;

- Providing evidence substantiating the dates of employment for individuals who worked on extracellular protein degradation in *both* Dr. Spiegel's laboratory and Dr. Crews' laboratory[1]; and

- Supplementing Plaintiffs' deficient production by running the search terms proffered by Defendants and producing responsive documents that hit on them, as is required by the ESI Order in this case (D.I. 68).

- Whether Plaintiffs should be compelled to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii), including to provide a computation of each category of damages and production of the documents on which each such computation is based;

- Whether Plaintiffs should be compelled to either supplement their productions or identify different "top 10" ESI custodians given that they have produced very few documents from many of their "top 10" ESI custodians, including *zero* documents from some;

- Whether Plaintiffs should be compelled to collect and produce documents from instant messaging platforms and identify the sources from which they collected documents, as requested by RFP 118;

- Whether Plaintiffs should be compelled to produce unpublished patent applications disclosing the alleged trade secrets, as requested by RFPs 28–30; and

- Whether Plaintiffs should be compelled to produce documents related to the $5.9 million payment made by Plaintiff Biohaven Therapeutics Ltd. to Moda Pharmaceuticals (a company owned by Dr. Spiegel and identified on some of the alleged trade secret disclosures to RA Capital in 2019), as referenced in Biohaven's SEC statements and requested by RFP 92.

## Plaintiffs' Issues

- Whether Defendants should be compelled to comply with the Protective Order entered in this case (D.I. 65) and produce documents related to their

---

[1] To Defendants' knowledge, such individuals include Dr. Jake Swartzel, Ms. Angela Gong, and Dr. Emily Branham.

development of technology that allegedly misappropriates the Asserted Trade Secrets with a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, as opposed to producing those documents with an Outside Counsel Eyes Only designation not provided for in the Protective Order;[2]

- Whether Defendants should be compelled to supplement their response to Interrogatory No. 1, which asks Defendants to provide the information supporting the statements in their Answer that the Asserted Trade Secrets shared with RA Capital by Dr. David Spiegel pursuant a confidentiality disclosure agreement were known or otherwise publicly available;

**Additional Issues**

Defendants ask for an extension of the word counts permitted under the Court's Scheduling Order (D.I. 36). Per the Court's Scheduling Order, the parties are permitted no more than 750 words per brief. *See id.* ¶ 6(a). Defendants' statement of the issues in this joint motion already includes 1,257 words. Defendants respectfully ask the Court to extend the briefing limits to six (6) pages per brief. The number of issues in dispute reflects the severity of Plaintiffs' refusals to provide critical discovery on key factual issues, including the basic elements of their prima facie case. Plaintiffs should not be rewarded for their abject failure to meet their discovery obligations by a word count that hampers Defendants ability to even *ask* for relief.

---

[2] This includes responsive documents through January 29, 2021, documents concerning the market value for extracellular protein degraders that use ASGPR, along with forecasts and market projections, and costs to develop ATAC through January 2023, and any documents supporting Daniel Grau's statement that "[t]he idea of ATACs started from the simple question in the halls of RA Capital."

Plaintiffs oppose Defendants' request for a page-limit increase. There is nothing extraordinary or unique about this motion that justifies a departure from Section 6(a) of the Scheduling Order. Defendants raise a host of unmeritorious discovery disputes to distract from their refusal to produce core documents regarding the development of their technology. Defendants should not be rewarded for their kitchen sink approach to discovery.

The parties are available for a telephonic hearing on the following dates:

- May 3, 2024
- May 6, 2024

The parties are available for a telephonic or in-person hearing on the following dates:

- May 9, 2024
- May 10, 2024

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer by teleconference on the following date(s):  January 30, 2024, February 7, 2024, February 26, 2024, March 8, 2024, and April 5, 2024.

| *Counsel for Plaintiffs Biohaven Therapeutics Ltd. and Yale University* | *Counsel for Defendants Avilar Therapeutics, Inc. and RA Capital Management GP, LLC* |
|---|---|
| **Delaware Counsel:** <br><br> Michael J. Farnan (Bar No. 5165) FARNAN LLP | **Delaware Counsel:** <br><br> Kaitlin E. Maloney (#6304) |

| Counsel for Plaintiffs Biohaven Therapeutics Ltd. and Yale University | Counsel for Defendants Avilar Therapeutics, Inc. and RA Capital Management GP, LLC |
|---|---|
| 919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>mfarnan@farnanlaw.com<br><br>*For Plaintiff Yale University*<br><br><br>Kenneth L. Dorsney (Bar No. 3726)<br>MORRIS JAMES LLP<br>500 Delaware Ave., Suite 1500<br>Wilmington, DE 19801<br>Phone: (302) 888-6855<br>kdorsney@morrisjames.com<br><br>*Attorneys for Plaintiff Biohaven Therapeutics Ltd.*<br><br>**Lead Counsel:**<br><br>Jordan Alston<br>SUSMAN GODFREY LLP<br>One Manhattan West, Ste 50th Floor<br>New York, NY 10001<br>Tel.:  212-336-8330<br>Fax:  212-336-8340<br>jalston@susmangodfrey.com<br><br>*For Plaintiff Yale University*<br><br>Michael J. Freno<br>K&L GATES LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>Phone: (206) 623-7580<br>michael.freno@klgates.com | WILSON SONSINI GOODRICH & ROSATI, P.C.<br>222 Delaware Avenue, Suite 800<br>Wilmington, DE 19801<br>(302) 304-7600<br>kmaloney@wsgr.com<br><br><br><br>**Lead Counsel:**<br><br>Ariel C. Green Anaba<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>953 East Third Street, Suite 100<br>Los Angeles, CA 90013<br>(323) 210-2900<br>aanaba@wsgr.com |

| Counsel for Plaintiffs Biohaven Therapeutics Ltd. and Yale University | Counsel for Defendants Avilar Therapeutics, Inc. and RA Capital Management GP, LLC |
|---|---|
| *Attorneys for Plaintiff Biohaven Therapeutics Ltd.* | |

Dated: April 19, 2024

FARNAN LLP


/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Yale University*


MORRIS JAMES LLP

/s/ Cortlan S. Hitch
Kenneth L. Dorsney (Bar No. 3726)
Cortlan S. Hitch (Bar No. 6720)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801
Phone: (302) 888-6855
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Plaintiff Biohaven Therapeutics Ltd.*

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI, P.C.


/s/ Kaitlin E. Maloney
Brad D. Sorrels (#5233)
Kaitlin E. Maloney (#6304)
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
bsorrels@wsgr.com
kmaloney@wsgr.com

*Counsel for Defendants Avilar Therapeutics, Inc. and RA Capital Management GP, LLC*