Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 1 of 11 PageID #: 15799

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

2024 WL 2932910
Only the Westlaw citation is currently available.
United States Court of Appeals, Federal Circuit.

ALIFAX HOLDING SPA, Plaintiff-Appellant
SIRE ANALYTICAL
SYSTEMS SRL, Plaintiff
v.
ALCOR SCIENTIFIC LLC, FRANCESCO
A. FRAPPA, Defendants-Cross-Appellants

2022-1641, 2022-1723
|
Decided: June 11, 2024

Appeals from the United States District Court for the District of Rhode Island in No. 1:14-cv-00440-WES-LDA, Chief Judge William E. Smith.

**Attorneys and Law Firms**

Todd Roberts Tucker, Calfee, Halter & Griswold LLP, Cleveland, OH, argued for plaintiff-appellant. Also represented by Joshua Friedman; Christopher Baxter, Pierce Atwood LLP, Portsmouth, NH; Robert H. Stier, JR., Stier IP Law LLC, Cape Elizabeth, ME.

Craig M. Scott, Hinckley, Allen & Snyder, LLP, Providence, RI, argued for defendants-cross-appellants. Also represented by Christine K. Bush; Laurel M. Rogowski, Boston, MA.

Before Moore, Chief Judge, Lourie and Cunningham, Circuit Judges.

**Opinion**

Cunningham, Circuit Judge.

**\*1** This appeal is the culmination of the parties' multi-year litigation at the District Court of Rhode Island concerning automated clinical instruments that measure certain characteristics of human blood samples. Alifax Holding SpA and Sire Analytical Systems SRL (collectively, "Alifax") sued Alcor Scientific LLC ("Alcor") and Mr. Francesco A. Frappa (collectively, the "Cross-Appellants" or "Defendants"),[1] alleging misappropriation of trade secrets, patent infringement, and copyright infringement. For the reasons discussed below, we *affirm-in-part* and *reverse-in-part* the district court's decisions, and *remand* for further proceedings.

I. Background

Alifax makes automated clinical instruments used to determine the erythrocyte sedimentation rate ("ESR") of human blood samples. *Alifax Holding Spa v. Alcor Sci. Inc.*, 404 F. Supp. 3d 552, 557 (D.R.I. 2019) ("*New Trial Order*"). An employee of an Alifax subsidiary, Mr. Francesco A. Frappa, left the company and began working for Alcor. *Id.* Within a year, Alcor offered a new ESR instrument of its own, the iSED, with analytical capabilities comparable to the Alifax devices. *Id.*

On October 7, 2014, Alifax[2] sued Defendants for trade secret misappropriation under the Rhode Island Uniform Trade Secrets Act ("RIUTSA"). Alifax also sued only Alcor for infringement of U.S. Patent Nos. 6,632,679 and 7,005,107. J.A. 136, 140 ¶¶ 20–21, 146 ¶¶ 53–58, 147–48 ¶¶ 59–68; *see New Trial Order* at 557. On March 20, 2017, Alifax amended its complaint to assert a claim of copyright infringement solely against Alcor. J.A. 2106–07 ¶¶ 77–85. Alcor answered and counterclaimed seeking, among other things, declaratory judgment of patent invalidity. *See, e.g.*, J.A. 2235 ¶¶ 41–42; *see New Trial Order* at 557–58.

Before trial, the parties moved for summary judgment. Relevant to this appeal, Defendants moved for summary judgment on Alifax's claims for copyright infringement, patent infringement, and trade secret misappropriation, as well as Alcor's patent invalidity counterclaims. *See Alifax Holding SPA v. Alcor Sci. Inc.*, C.A. No. 14-440 WES, 2019 WL 13091790, at \*1, \*4–11, \*13 (D.R.I. Mar. 26, 2019) ("*Summary Judgment Order*"). On March 26, 2019, the court denied Defendants' motion for summary judgment. *Id.* at \*13.

Shortly before trial, the court and the parties continued to narrow the case. Three days before trial, the court excluded the opinion of Alifax's expert, Mr. Christopher J. Bokhart, on copyright infringement damages. *Alifax Holding SPA v. Alcor Sci. Inc.*, C.A. No. 14-440 WES, 2019 WL 1579503, at \*1–2 (D.R.I. Apr. 12, 2019) ("*Daubert Decision on Copyright*"). As a result, the parties agreed that Alifax's copyright claim was "out of the case." *New Trial Order* at 558; J.A. 13829.

**\*2** The court bifurcated the trial into liability and damages phases. J.A. 126; *see* J.A. 13853–54. Five days into the

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 2 of 11 PageID #: 15800

liability phase of the trial, Alifax decided that it no longer wished to proceed on its patent infringement claims. J.A. 14385. To effectuate removal of patent infringement from the case, the court granted summary judgment for Alcor on that claim, and the parties executed a covenant not to sue, addressing all patents. *New Trial Order* at 558; *see* J.A. 14458–59. Accordingly, the only remaining claims for jury deliberations relevant to this appeal were the trade secret misappropriation claims. *See New Trial Order* at 558.

Alifax presented multiple theories of trade secret misappropriation to the jury. There are two trade secrets relevant to this appeal:[3] the conversion algorithm trade secret, which comprises "[p]ortions of computer program source code concerning the conversion of photometric measurements, including source code containing four specific conversion constants," J.A. 15193, *see* J.A. 13849; and the alleged signal acquisition trade secret, which involves "the process by which Alifax's devices gathered ESR-related raw data through signal acquisition." *Order on New Trial Scope and Patent Fees* at *2; *see also Summary Judgment Order* at *7.

At the charge conference, the court struck the alleged signal acquisition trade secret from the jury verdict form. J.A. 14943–48. Specifically, the court decided to exclude "acquisition" from its description of the software and firmware trade secrets, effectively removing the alleged signal acquisition trade secret. *Id.*; *see* J.A. 15193–99 (Jury Verdict Form). Alifax objected, arguing that it had identified the alleged signal acquisition trade secret as "[t]he manner in which the software used in Alifax's ESR analyzers initiates an ESR measurement from a blood sample loaded in the ESR analyzer, handles a blood sample to introduce it into the capillary container, instructs the ESR analyzer to obtain photometric data, and handles and converts the photometric data to calculate the ESR of the blood sample." J.A. 14944 (citing J.A. 2000 ¶ 5); *see also* Oral Arg. at 11:53–12:30, 18:00–19, https://oralarguments.cafc. uscourts.gov/default.aspx?fl=22-1641_07102023.mp3. Alifax also contended that it introduced evidence and testimony related to the alleged signal acquisition trade secret at trial. J.A. 14944–45.

The court rejected this argument regarding the alleged signal acquisition trade secret, finding there to be "no ... record evidence of trade secrets involved in any of the steps that are discussed ... [regarding] how the apparatus would be programmed to operate, other than with respect to the conversion algorithm ...." J.A. 14947–48. The jury returned a verdict finding Alifax proved that the conversion algorithm was a trade secret and that Defendants misappropriated that trade secret.[4] J.A. 15193–98.

**\*3** Before the start of the damages phase of the trial, the court excluded in their entirety Alifax's expert opinions by Mr. Bokhart concerning trade secret misappropriation damages. *Alifax Holding SpA v. Alcor Sci. Inc.*, 387 F. Supp. 3d 170, 171–72 (D.R.I. 2019) ("*Daubert Decision on Trade Secrets*"). However, over Defendants' objection, the district court allowed Alifax to call Mr. Bokhart as a summary fact witness pursuant to Federal Rule of Evidence 1006 to testify as to the iSED-related revenues and costs based on Alcor's financial spreadsheets. J.A. 15309–11; Trial Tr. Vol. 11 at 33–34, *Alifax Holding SpA v. Alcor Sci. Inc.*, C.A. No. 14-440 WES (D.R.I. May 1, 2019), Dkt. 347; *see also New Trial Order* at 580. The jury awarded $6.5 million in damages to Alifax for Alcor's misappropriation of the conversion algorithm trade secret. J.A. 15490.[5]

After the trial concluded, the district court granted Defendants a new trial on both liability and damages for the conversion algorithm trade secret. *New Trial Order* at 577–82.[6] Regarding liability, the court found that the verdict was against the clear weight of the evidence. *Id.* at 577. The court reasoned that because there was little evidence that Alifax's algorithm could produce highly accurate results in a non-Alifax device, Defendants could not have used Alifax's algorithm for any purpose. *See id.* at 577, 579–80. As to damages, the court found that Mr. Bokhart's testimony exceeded the scope permitted for a summary fact witness and unfairly prejudiced Alcor. *See id.* at 581–82. The district court also denied Alcor's motion as to attorney's and expert fees and costs related to the copyright claim. *Alifax Holding SpA v. Alcor Sci. Inc.*, C.A. No. 14-440 WES, 2019 WL 4247737, at \*4 (D.R.I. Sept. 5, 2019) ("*Order on Copyright Fees*").

On July 16, 2021, the court (1) held that no new evidence or witness would be permitted at the new trial, *Order on New Trial Scope and Patent Fees* at *2; (2) excluded the theory based on an alleged signal acquisition trade secret from the new trial, *id.* at *3; and (3) denied Alcor's motion for attorney's fees related to the patent infringement claims. *Id.* at *5. Following additional briefing by the parties, the court also precluded Alifax from seeking compensatory damages at the new trial. *Alifax Holding Spa v. Alcor Sci. Inc.*, C.A. No. WES 14-440, 2021 WL 3911258, at \*1 (D.R.I. Sept. 1, 2021) ("*Order Precluding Damages*"). The parties agreed not

Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 3 of 11 PageID #: 15801

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

to go to trial on nominal damages, and on February 18, 2022, the district court dismissed with prejudice the trade secret claim. J.A. 91, 98 (Order Dismissing Trade Secret Claim). On March 25, 2022, the district court entered final judgment on all remaining claims, including entering judgment in favor of Defendants on patent infringement, trade secret misappropriation, and copyright infringement. J.A. 101–02 (Final Judgment).

Alifax timely appealed. The Cross-Appellants filed a timely cross appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

II. Discussion

On appeal, Alifax argues that the district court erred by (1) excluding the alleged signal acquisition trade secret from jury consideration, Appellant's Br. 42–47; (2) granting a new trial on liability relating to the conversion algorithm trade secret, *id.* at 51–55; (3) granting a new trial on damages, *id.* at 55–56, *see also id.* at 57–64; (4) excluding the alleged signal acquisition trade secret from the new trial, *id.* at 47–50; and (5) precluding Alifax from presenting evidence and witnesses for compensatory damages at the new trial. *Id.* at 37–40. Alcor argues that the district court abused its discretion in denying attorney's fees relating to the patent and copyright claims. Cross-Appellants' Principal & Resp. Br. 57, 66; *see also id.* 58–65, 67–71.

A

 **\*4**  We apply our own law to issues unique to patent law and regional circuit law—here, First Circuit law—to issues unrelated to patent law. *Atlas IP, LLC v. Medtronic, Inc.*, 809 F.3d 599, 604 (Fed. Cir. 2015) (citation omitted). We review the district court's jury instructions, new trial orders, and evidentiary rulings under the law of the regional circuit. *See Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004) (jury instructions); *Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*, 602 F.3d 1325, 1331 (Fed. Cir. 2010) (new trial orders and evidentiary rulings). In the First Circuit, the court's rulings on jury instructions are reviewed de novo. *Cigna Ins. Co. v. Oy Saunatec, Ltd.*, 241 F.3d 1, 8 (1st Cir. 2001) (citation omitted). The grant of a motion for a new trial is reviewed for abuse of discretion. *Jennings v. Jones*, 587 F.3d 430, 436 (1st Cir. 2009). A court's decision regarding new evidence at a new trial "[i]s one for the informed discretion of the trial judge," and the First Circuit reviews for an abuse of discretion. *Fusco v. Gen. Motors Corp.*, 11 F.3d 259, 267 (1st Cir. 1993).

We apply the law of the regional circuit in reviewing decisions on attorney's fees relating to copyright claims and the law of this circuit in reviewing decisions on attorney's fees relating to patent claims. *See Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1582–83 (Fed. Cir. 1992) (applying regional circuit law to attorney's fees relating to copyright claims); *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1321 (Fed. Cir. 2006) (applying Federal Circuit law to attorney's fees relating to patent infringement claims). Under First Circuit law, the review of a district court's decision on a fee award relating to copyright claims is "extremely deferential," and the First Circuit "will disturb a ruling ... only if the record persuades us that the trial court indulged in a serious lapse in judgment." *Airframe Sys. Inc. v. L-3 Commc'ns Corp.*, 658 F.3d 100, 109–10 (1st Cir. 2011) (quoting *Latin Am. Music Co. v. Am. Soc'y of Composers, Authors & Publishers (ASCAP)*, 642 F.3d 87, 91 (1st Cir. 2011)). This court reviews a district court's denial of attorney's fees in a patent case for abuse of discretion. *Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1376 (Fed. Cir. 2020) (citations omitted).

B

Alifax first argues that the district court erred by excluding the alleged signal acquisition trade secret from jury consideration at the liability phase of the trial. Appellant's Br. 42–47; *see* J.A. 14943–48 (charge conference transcript). Alifax argues that the "jury was entitled to infer that [Mr.] Frappa's detailed plan for acquiring a signal from a blood sample was derived from his eleven years at Alifax, particularly in view of the other evidence at trial." Appellant's Br. 44, *see also id.* 45–47. We are not persuaded that the district court erred by excluding the alleged signal acquisition trade secret from jury consideration.

==Alifax failed to meet its burden of proof to establish the existence and scope of the alleged signal acquisition trade secret.== *See generally* R.I. Gen. Laws § 6-41-1(4) (defining trade secret); *TLS Mgmt. & Mktg. Servs., LLC v. Rodriguez-Toledo*, 966 F.3d 46, 52 (1st Cir. 2020) ("[T]he trade secret owner has the burden of proof to establish the existence and scope of the alleged trade secret in the litigation.") (applying Puerto Rico law based on Uniform Trade Secrets Act);[7] *see*

Case 1:23-cv-00328-JLH-CJB Document 239-2 Filed 06/27/24 Page 4 of 11 PageID #: 15802

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

also *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583–4 (7th Cir. 2002) ("[A] plaintiff must do more than just identify a kind of technology and then invite the court to hunt through the details in search of items meeting the statutory definition.") (applying Wisconsin law following UTSA). To meet this burden, the trade secret owner must "describe the subject matter of its alleged trade secrets in sufficient detail to establish each element of a trade secret." *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 661 (4th Cir. 1993) (applying Maryland law following UTSA and collecting cases); *see also TLS*, 966 F.3d at 54.

**\*5** Here, Alifax not only failed to describe the alleged signal acquisition trade secret with sufficient detail but also failed to identify its proper scope. At oral argument, Alifax alleged that the signal acquisition trade secret is "how to acquire photometric signals from a blood sample." Oral Arg. at 20:45–21:32; *see also* J.A. 10534 (Alifax's proposed jury instruction). But this definition only provides a high-level summary of the purpose of the alleged trade secret without describing it in detail. Alifax also cites its identification of misappropriated trade secrets, which defines the alleged signal acquisition trade secret as "the manner in which the software used in [Alifax's] ESR analyzers initiates an ESR measurement from a blood sample loaded in the ESR analyzer, handles a blood sample to introduce it into the capillary container, [and] instructs the ESR analyzer to obtain photometric data." J.A. 2000 ¶ 5; *see also* Oral Arg. at 11:54–12:30, 18:00–19, 22:50–23:00. This paragraph also fails to clarify "the existence and scope of the alleged trade secret," *TLS*, 966 F.3d at 52, making it impossible to ascertain whether certain elements of the alleged trade secret have been established, such as "[d]eriv[ing] independent economic value ... from not being generally known" and "not being readily ascertainable by proper means." R.I. Gen. Laws § 6-41-1(4). Therefore, neither definition offered by Alifax satisfies its burden to describe the alleged trade secret in sufficient detail to establish each element of a trade secret. *See Trandes*, 996 F.2d at 661.

Alifax's trial evidence and testimony similarly fail to meet its burden to identify the alleged signal acquisition trade secret. First, Alifax argues that a document labeled "iSED Software Procedures description" would entitle a jury to infer that Cross-Appellants misappropriated Alifax's alleged signal acquisition trade secret. Appellant's Br. 43–44; *see* J.A. 15716–19 (Trial Exhibit 64). But as Alifax's counsel admitted at oral argument, Trial Exhibit 64 is an *Alcor* document. Oral Arg. at 13:48–55. Alifax also points out that the document was drafted by Mr. Frappa after signing a royalty agreement in which he agreed to provide Alcor with technical documentation related to how an ESR analyzer performed its functions. *See* Appellant's Br. 43–44; J.A. 15714. But nothing in the record indicates that the contents of the document were *Alifax's* alleged signal acquisition trade secret. In fact, because neither Alifax nor Trial Exhibit 64 identifies the scope of the alleged trade secret, a jury would not be able to distinguish "[w]hich aspects are known to the trade" from those "which are not." *See IDX Sys.*, 285 F.3d at 584 (holding that a 43-page document describing a software package was not sufficiently specific); *Trandes*, 996 F.2d at 661–62 (claiming possession of secret "formulas" but failing to provide evidence of what the formulas were did not provide sufficient detail to "sustain even a prima facie case of misappropriation"). We are also unpersuaded by Alifax's argument that *Astro-Med, Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1, 18–19 (1st Cir. 2009), supports an inference that Trial Exhibit 64 must have included Alifax's trade secret information simply because Alcor hired Mr. Frappa. *See* Appellant's Br. 43, 46–47. In *Astro-Med*, the First Circuit upheld an inference that a trade secret was *misappropriated*, after parties had clearly articulated what the trade secret constituted—which "includ[ed] confidential marketing, pricing, and customer information." 591 F.3d at 7–8, 18. *Astro-Med* is thus distinguishable because Alifax has failed to articulate the contents of the alleged trade secret.

Alifax also argues that Mr. Giovanni Batista Duic's trial testimony established the existence and scope of the alleged signal acquisition trade secret. Appellant's Br. 45 (citing J.A. 13936–37, 13924–25). We also find this argument unpersuasive. The cited portion of Mr. Duic's testimony simply describes how Alifax's ESR instruments work at a high level. *See* J.A. 13936–37, 13924–25. At most, this testimony would have allowed the jury to make an inference that there are a few discrete points of similarity between Alcor's software procedure and how Alifax's device works. *Compare* J.A. 13936–38 *with* J.A. 15716–19. Taking this testimony into consideration, the evidence adduced at trial is still not enough to allow the jury to identify the alleged trade secret with sufficient detail.

**\*6** For the foregoing reasons, we find no error in the district court's decision to remove the alleged signal acquisition trade secret from jury consideration.

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 5 of 11 PageID #: 15803

C

Next, Alifax argues that the district court abused its discretion in granting a new trial on liability as to the conversion algorithm trade secret because it required "Alifax's algorithm [to be] capable of producing highly accurate results in a non-Alifax device," when RIUTSA does not require evidence of "use" to show misappropriation. Appellant's Br. 52 (citing *New Trial Order* at 577). Cross-Appellants respond that the district court did not abuse its discretion because the court properly found that the conversion algorithm trade secret had no independent economic value derived from its alleged secrecy. Cross-Appellants' Principal & Resp. Br. 41–44. We agree with Alifax.

"A trial court may grant a new trial on the basis that the verdict is against the weight of the evidence. Further, the district court has the power and duty to order a new trial whenever, in its judgment, the action is required in order to prevent injustice." *Jennings*, 587 F.3d at 436 (citations and internal quotation marks omitted).

Here, the district court abused its discretion in finding that the jury verdict was against the clear weight of the evidence, *New Trial Order* at 577, because it did not consider whether the evidence could establish that the trade secret was acquired through improper means, which alone is sufficient to satisfy the definition of misappropriation under RIUTSA. *See* R.I. Gen. Laws § 6-41-1 (" 'Misappropriation' means: (i) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; *or* (ii) Disclosure or use of a trade secret of another. ...") (emphasis added). The district court's decision focused on what it saw as the "critical assumption" underpinning the verdict—that "Alifax's algorithm was capable of producing highly accurate results in a non-Alifax device"—which it found to be necessary for the Defendants to *use* the conversion algorithm. *New Trial Order* at 577–79. But the new trial order did not discuss whether Alifax's algorithm would meet the alternative acquisition prong of misappropriation. *Id.* at 577–80. Therefore, because a "material factor deserving significant weight"—whether Alifax presented sufficient evidence on improper acquisition—was not addressed, we find that the district court abused its discretion in finding the jury verdict to be against the clear weight of the evidence. *Rinsky v. Cushman & Wakefield, Inc.*, 918 F.3d 8, 27 (1st Cir. 2019).

Cross-Appellants further contend that Alifax failed to show that it undertook reasonable efforts to maintain the secrecy of the conversion algorithm or that the conversion algorithm had independent economic value from not being generally known. Cross-Appellants' Br. 41–43, 48–49. Both arguments are directed to the sufficiency of evidence to establish the conversion algorithm as a trade secret. *See* R.I. Gen. Laws § 6-41-1 (4). Because the district court focused its analysis on the jury's finding on misappropriation and did not sufficiently address whether the conversion algorithm qualifies as a trade secret, *New Trial Order* at 577–80, we decline to address this argument in the first instance. *See Ahern v. Scholz*, 85 F.3d 774, 780 (1st Cir. 1996) (determining that proper review of a district court's new trial ruling for clear abuse of discretion includes "isolat[ing] the factual basis for the trial court's ruling" and not "assessing the credibility of witnesses and weighing testimony").

**\*7** Because we conclude that the district court abused its discretion in finding that the jury verdict regarding liability on the conversion algorithm trade secret was against the clear weight of the evidence, we find that the district court erred in granting a new trial on liability related to the conversion algorithm trade secret. Therefore, we direct the district court to enter judgment for Alifax on this issue according to the jury verdict. *See de Perez v. Hosp. del Maestro*, 910 F.2d 1004, 1008–09 (1st Cir. 1990) (reversing new trial order when "the evidence simply was mixed and contradictory").

D

Alifax next argues that the district court abused its discretion by granting a new trial on damages because of Mr. Bokhart's testimony. Appellant's Br. 55. Alifax contends that the court erred in finding that the testimony "exceeded the scope permitted by Rule 1006 [Summaries to Prove Content]" when it would have been admissible under Federal Rules of Evidence 611(a) (Mode and Order of Examining Witnesses and Presenting Evidence) and 703 (Bases of an Expert's Opinion Testimony). *Id.* at 56. Alifax also argues that the district court abused its discretion by finding that Mr. Bokhart's testimony unfairly prejudiced Cross-Appellants. *Id.* at 61. We do not agree.

We hold that the district court correctly found that Mr. Bokhart exceeded the scope permitted by Federal Rule of Evidence 1006 as a summary witness by improperly including expert testimony that was previously excluded. *New Trial*

Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 6 of 11 PageID #: 15804

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

*Order* at 580–82. After previously excluding Mr. Bokhart's opinions concerning trade secret misappropriation damages, *Daubert Decision on Trade Secrets* at 171–72, the district court allowed Mr. Bokhart to present financial information relevant to damages as a summary *fact* witness under Rule 1006. J.A. 15309–11; *New Trial Order* at 580. Rule 1006 allows a party use summary writing or summary witness testimony "to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." *Id.* at 580–81; *see* Fed. R. Evid. 1006. But evidence cannot be offered under Rule 1006 if it contains expert opinion that goes beyond summarizing voluminous materials or making a calculation based on data contained in such materials. *See* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 8043 (3d ed. 2022); *see also Eichorn v. AT & T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007). As the district court found, Mr. Bokhart's testimony "necessarily reflected the application of his financial and accounting expertise," *i.e.,* included expert testimony. *New Trial Order* at 581. Regarding convoyed sales, such as test cards and diagnostic devices, Mr. Bokhart testified that the revenue these items generated were iSED-related and therefore should be considered when calculating damages. *Id.* at 581–82; *see also* J.A. 15351–52 (explaining how Alcor's iSED-related revenue stream included revenues from the sale of test cards used to make iSED operational). But no evidence or any other witness had established the relationship between convoyed sales and the conversion algorithm trade secret. *New Trial Order* at 582; J.A. 15379–80 (trial testimony admitting no documentation showed that test cards, controls, and diagnostic devices were iSED-related). Therefore, Mr. Bokhart's testimony must have relied on his accounting expertise.

Because Mr. Bokhart's testimony exceeded the scope of Rule 1006 and he was the only damages witness Alifax presented, the district court did not abuse its discretion by finding that unfair prejudice to Defendants warranted a new trial on damages. *New Trial Order* at 580, 582; *see Turcotte v. Ford Motor Co.*, 494 F.2d 173, 183–85, 187 (1st Cir. 1974) (remanding for new trial on damages when witness improperly applied state law); *see also In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 267, 269 (5th Cir. 2022) (finding lay witness improperly offered expert opinion and remanding for a new trial).

 *8 Alifax's argument that Mr. Bokhart's testimony was admissible under Federal Rules of Evidence 611(a) and 703 is also without merit. *See* Appellant's Br. 56. Rule 611(a) (Mode and Order of Examining Witnesses and Presenting Evidence) requires that the testimony must be supported by evidence already admitted. *See United States v. Milkiewicz*, 470 F.3d 390, 395–98 (1st Cir. 2006) (noting that "summary chart [under Rule 611(a)] ... must be linked to evidence previously admitted and usually is not itself admitted into evidence"). Furthermore, Rule 703 (Bases of An Expert's Opinion Testimony) is only available to expert witnesses.[8] *See* Fed. R. Evid. 703; *see also United States v. DeSimone*, 488 F.3d 561, 576–77 (1st Cir. 2007) (holding no abuse of discretion in admitting an expert's summary chart under Rule 703). Because Mr. Bokhart's testimony was not based on evidence in the record and he testified as a fact witness, his testimony was not admissible under these rules either.

Alifax's cited cases are also distinguishable. For example, two of these cases are inapposite because they involve a district court's finding under Rule 403. Appellant's Br. 62–63; *see Espeaignnette v. Gene Tierney Co.,* 43 F.3d 1, 5–8 (1st Cir. 1994); *United States v. Frabizio,* 459 F.3d 80, 90–91 (1st Cir. 2006). Here, the district court did not exclude Mr. Bokhart's testimony under Rule 403; rather, it found that "[p]ermitting the jury's damages award to stand would constitute a miscarriage of justice" in light of Bokhart's testimony. *New Trial Order* at 582; *see Jennings*, 587 F.3d at 436 ("[T]he district court has the power and duty to order a new trial whenever, in its judgment, the action is required in order to prevent injustice.").

In sum, we conclude that the district court did not abuse its discretion in granting a new trial on damages.

E

Next, Alifax challenges the district court's decision to exclude the alleged signal acquisition trade secret from the new trial. Appellant's Br. 47–50; *see Order on New Trial Scope and Patent Fees* at *2–3. Alifax argues that even if the district court was correct to exclude the alleged signal acquisition trade secret from the jury after close of the original trial, that does not justify excluding the alleged signal acquisition trade secret entirely from the new trial because the questions at the end of the original trial and at summary judgment before trial are different. Appellant's Br. 47. Moreover, Alifax asserts the district court's exclusion of the alleged signal acquisition trade secret was an improper application of partial retrial law. *Id.* at 48. We disagree.

Case 1:23-cv-00328-JLH-CJB Document 239-2 Filed 06/27/24 Page 7 of 11 PageID #: 15805

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

The district court did not misapply partial retrial case law. *Order on New Trial Scope and Patent Fees* at *2–3. After explaining that it had already ruled that the evidence at the original trial could not support a finding that the alleged signal acquisition trade secret was misappropriated, it concluded that this issue "ha[d] been properly and conclusively resolved." *Id.* at *2–3 (cleaned up) (citing *Drumgold v. Callahan*, 707 F.3d 28, 46 (1st Cir. 2013)). The court further found the remaining issue of the conversion algorithm is "so distinct and separable from the signal acquisition claim," the trial on that issue alone would not result in injustice. *Id.* (cleaned up) (citing *Drumgold*, 707 F.3d at 46). Because we find that the district court did not err in precluding jury consideration of the alleged signal acquisition trade secret, *see supra* Section II.B, we agree with the district court's analysis here.

**\*9** Neither of Alifax's cited cases support Alifax's argument that an issue must be retried even if it was properly removed from the jury in the first trial. *See* Appellant's 48–49 (citing *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931); *Drumgold*, 707 F.3d at 46–47). Alifax's cited case law does not support its argument that excluding the alleged signal acquisition trade secret from consideration by the jury—a decision subject to the same standard as judgment as a matter of law, *see Wilson v. Maritime Overseas Corp.*, 150 F.3d 1, 10 (Fed. Cir. 1998)—was not a proper and conclusive way of resolving this claim.[9] Alifax also presents no evidence that the alleged signal acquisition trade secret is not "so distinct and separable" from the conversion algorithm trade secret that a trial on that issue alone would lead to injustice, so as to require a retrial. *Drumgold*, 707 F.3d at 46. Because we find that the district court did not misapply partial retrial law, we find no error in its decision precluding Alifax from presenting the alleged signal acquisition trade secret at the new trial. *Order on New Trial Scope and Patent Fees* at *2–3.

F

Lastly, Alifax challenges the district court's decision precluding Alifax from seeking compensatory damages at the new trial. Appellant's Br. 37–40; *see Order Precluding Damages* at *1–3. Alifax argues that the district court abused its discretion because it mistakenly assumed that Mr. Bokhart's testimony was essential to the case when it had presented other available avenues for introducing evidence. Appellant's Br. 38. Cross-Appellants respond that Mr. Bokhart was Alifax's sole damages witness and that the district court properly precluded Alifax from offering new damages witnesses, testimony, or theories on retrial. Cross-Appellants' Principal & Resp. Br. 28. We agree with Alifax.

At the outset, Alifax clarified at oral argument that it does not intend for Mr. Bokhart to serve as its damages witness in the new trial, unless the alleged signal acquisition trade secret would be included in the new trial. Oral Arg. at 08:46–10:11. Rather, it seeks to introduce Alcor's sales record of iSED devices and accessories through other fact witnesses already disclosed in the pretrial memoranda or to introduce Alcor's financial statements already identified on the trial exhibit list. *See* Appellant's Br. 38–39. Thus, the crux of the issue on appeal is whether the district court abused its discretion in finding that "the only damages witness disclosed by Alifax was [Mr.] Bokhart," thereby precluding the damages theory altogether. *Order Precluding Damages* at *2–3.

The finding that Mr. Bokhart was the sole damages witness is not supported by the record. At least some of the fact witnesses that Alifax proposes to call at the new trial for damages are listed in the pretrial memorandum. *Compare* J.A. 18481 (Alifax's brief at the district court identifying Ms. Rossetto, Dr. Galiano, Mr. Duic, Mr. Frappa, Mr. Ruggeri, Mr. Sacchetti and/or Ms. Ruggeri as potential witnesses) *with* J.A. 10477 (Alifax's pretrial memorandum identifying Mr. Duic, Mr. Frappa, Dr. Galiano, Ms. Rossetto, Mr. Ruggeri, and Mr. Sacchetti as potential witnesses). Likewise, at least some documents Alifax seeks to present for damages were also listed in Alifax's pretrial exhibit list attached to its pretrial memorandum. *Compare* J.A. 18480 (identifying Trial Exhibit 173, J.A. 15957–64) *with* Exhibit A to Alifax's Pretrial Memorandum at 6, *Alifax Holding SPA v. Alcor Sci. Inc.*, No. 1:14-cv-00440-WES-LDA (D.R.I. Mar. 15, 2019), Dkt. 226-1. To the extent that the district court's finding was based on an understanding that Alifax's fact witness were disclosed for the liability phase only, this reasoning is not supported because there was no requirement for the parties to distinguish between possible damages and liability witnesses in the pretrial memoranda. *See* Oral Arg. at 42:15–33 (Cross-Appellants conceding that parties were not required to designate witnesses as damages or liability witnesses).

**\*10** We further find the district court's conclusion to be contradicted by Alifax's initial disclosures. *Order Precluding Damages* at *2–3. Alifax's initial disclosures list at least some of the individuals it may seek to call as damages witnesses at the new trial. *See* J.A. 15071–72 (identifying Mr. Duic, Dr. Galiano, Mr. Frappa, Mr. Ruggeri, and Mr.

Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 8 of 11 PageID #: 15806

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

Sacchetti). Furthermore, after Mr. Bokhart's expert testimony on damages was excluded mid-trial, the district court itself suggested that Alifax could call on other fact witnesses, such as Ms. Ruggeri, to present Alcor's financial spreadsheet as evidence of damages. J.A. 15312; *see* Oral Arg. 42:03–14 (Cross-Appellants admitting the same).

Because the court erred in finding that Mr. Bokhart was the only damages witness that Alifax disclosed, we hold that it abused its discretion in precluding Alifax from presenting any compensatory damages testimony or evidence at the new trial from previously disclosed witnesses who could address the damages issues. *Order Precluding Damages* at *2–3; *see AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1358 (Fed. Cir. 2017) ("A district court abuses its discretion when its ruling rests on ... a clearly erroneous assessment of the evidence.") (citations omitted).[10]

G

On cross-appeal, Alcor first challenges the district court's denial of its motion for attorney's fees under 35 U.S.C. § 285. Cross-Appellants' Principal & Resp. Br. 57–58; *see also id.* at 59–65. Alcor argues that Alifax knew prior to suit that Alcor's iSED device did not fall within the scope of the patent claims and that Alifax failed to obtain a claim construction that would support its infringement theory, yet still proceeded to trial with no viable infringement theory. *Id.* at 59. Alcor further contends that these facts show that Alifax did not have good faith in pursuing its patent infringement claims and misrepresented its infringement theory as a literal infringement theory. *Id.* at 60–63. Alcor also argues that the district court abused its discretion in relying on *Medtronic Nav., Inc. v. Brain LAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed Cir. 2010) to arrive at its conclusion without discussing the *Octane* factors. *Id.* 64–65. We disagree.

Section 285 of the Patent Act allows a district court, in an exceptional case, to award reasonable attorney's fees to the prevailing party. 35 U.S.C. § 285. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Under a similar provision of the Copyright Act, among the nonexclusive factors that courts have considered relevant to this determination are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 (1994)).

The district court did not abuse its discretion because it correctly found that Alifax's patent claims "were not exceptional" and properly considered arguments raised by Alcor. *Order on New Trial Scope and Patent Fees* at *4–5. The district court rejected Alcor's argument that "Alifax pulled a bait and switch regarding its theory of patent infringement," *id*. at *4, and instead found that "the evidence shifted between summary judgment and trial." *Id.* at *5. For example, it explained that its claim construction order was not inconsistent with Alifax's infringement position and that it rejected Alcor's similar argument on summary judgment. *Id*. at *4; *see Summary Judgment Order*, at *4 (noting Alcor's argument depends "upon reading limitations into the claims that do not exist"). The court further correctly explained that Alifax's infringement position was supported by its expert testimony, but the expert testified inconsistently at trial. *Order on New Trial Scope and Patent Fees*, at *5; *see* J.A. 14227–28 (relevant expert testimony). The court thus did not err in concluding that Alcor had not shown that Alifax misrepresented its evidence to the court. *See Order on New Trial Scope and Patent Fees* at *4–5. On appeal, Alcor simply asks this court to reweigh the evidence based on the same arguments it presented at the district court. *See* Cross-Appellants' Principal & Resp. Br. 60–63. Because "[w]e do not and should not reweigh evidence or make factual findings anew on appeal," we reject Alcor's argument. *Impax Lab'ys Inc. v. Lannett Holdings Inc.*, 893 F.3d 1372, 1382 (Fed. Cir. 2018) (citation omitted); *see Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017) (declining to "reweigh evidence in a manner inconsistent with ... abuse of discretion" standard).

*11 Additionally, we are not persuaded that the district court improperly relied on *Medtronic*. Cross-Appellants' Principal & Resp. Br. 64. In *Medtronic*, we held that the denial of summary judgment can be "an indication that the party's claims were objectively reasonable and suitable for resolution at trial," unless there was a misrepresentation to the court. 603 F.3d at 954. The district court correctly found that the denial of Alcor's summary judgment motion on patent infringement indicates that Alifax's patent claims were "suitable for resolution at trial." *Order on New Trial Scope and Patent Fees*, at *5. Because the court also properly found

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 9 of 11 PageID #: 15807

Alifax did not misrepresent its patent infringement theory, *Medtronic* squarely applies and the district court's reliance on this case was proper.

We further are not persuaded by Alcor's argument that the court did not engage in any *Octane* factors analysis. Cross-Appellants' Principal & Resp. Br. 65. The court discussed the substantive strength of Alifax's position and whether the manner in which it was litigated was unreasonable. *See Order on New Trial Scope and Patent Fees* at *4–5. This discussion closely follows the analysis in *Octane*. 572 U.S. at 554 & n.6. Therefore, the district court did not abuse its discretion in finding that this case was not exceptional.

H

Lastly, Alcor argues that the district court abused its discretion in denying its motion for attorney's fees as to Alifax's copyright infringement claim under 17 U.S.C. § 505. Cross-Appellants' Principal & Resp. Br. 66–67. Alcor argues that the court abused its discretion in finding that Alifax's copyright infringement claim was not objectively weak because Alifax never identified the content of the copyrighted work or presented a cognizable damages theory for its copyright claim. *Id.* at 67–68. Alcor also contends that the district court erred by failing to consider certain *Fogerty* factors, including deterrence. *Id.* at 70–71. We disagree.

For a court to award attorney's fees under 17 U.S.C. § 505, "the prevailing party need only show that its opponent's copyright claims or defenses were objectively weak." *Latin Am. Music*, 642 F.3d at 91 (citation and internal quotation marks omitted). A finding of objective weakness may turn on "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19. The "district court has discretion to decline to award attorney's fees even when the plaintiff's copyright infringement case is quite weak." *Airframe Sys.*, 658 F.3d at 109.

First, the court correctly held that Alifax's purported failure to present the entirety of the copyrighted source code had little bearing on the overall strength of its claim. *Order on Copyright Fees* at *3; *see Airframe*, 658 F.3d at 109 (affirming denial of attorney's fees despite plaintiff not establishing the content of copyrighted source code). Moreover, as the district court explained, one of the reasons that Alifax was unable to succeed on its copyright claim was because Alifax's expert "failed to revise his opinion as the factual circumstances became more refined." *Order on Copyright Fees* at *4; *see Daubert Decision on Copyright* at *1–2; *Daubert Decision on Trade Secret* at 171–72 ("The copyright claim fell away with the exclusion of Mr. Bokhart's damages testimony."). Failure of an expert to revise his damages opinion as the case progresses has little to do with the overall strength of Alifax's case on the merits. We therefore reject the argument that Alifax's failure to disclose copyrighted source code or to provide evidence of damages at trial should have compelled the district court to find Alifax's claim to be objectively weak.

**\*12** Second, we are not persuaded that the district court abused its discretion by failing to properly consider the *Fogerty* factors. Cross-Appellants' Principal & Resp. Br. 70–71. Regarding frivolousness and motivation, the court explicitly rejected the argument that "the claim was frivolous or unreasonable," and found that "nothing in the record indicat[es] that Alifax brought this claim with an improper motivation." *Order on Copyright Fees* at *4. The court's finding is supported by the record: Alifax consistently argued throughout the litigation that Defendants took Alifax's source code without permission. Based on its argument, the court denied Alcor's summary judgment motion on copyright infringement. *See id.* at *3; *Summary Judgment Order* at *9–11. Additionally, the district court's finding that Alifax's copyright claim "fell away" due to the damages expert's failure to revise its opinion supports the court's conclusion that there was no improper motivation. *Daubert Decision on Trade Secret* at 171–72; *see Daubert Decision on Copyright* at *1–2; *New Trial Order* at 558. Because the district court correctly rejected the argument as to motivation, it was not an abuse of discretion to find there to be "no need to compensate Alcor nor to deter Alifax." *Order on Copyright Fees* at *4.

Therefore, we hold that it was not an abuse of discretion for the district court to deny attorney's fees as to Alifax's copyright infringement claim.

III. Conclusion

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the district court's exclusion of the alleged signal acquisition trade secret from jury consideration at the original trial and the new trial; *reverse* the district court's grant of a new trial

Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 10 of 11 PageID #: 15808

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

as to the liability of the conversion algorithm trade secret and direct the district court to reinstate the jury verdict on this issue; *affirm* the district court's grant of a new trial on damages for misappropriation of the conversion algorithm trade secret; *reverse* the district court's decision to preclude Alifax from presenting evidence and witnesses on compensatory damages at the new trial; and *remand* for a new trial on damages consistent with this opinion. We also *affirm* the denials of Alcor's motions for attorney's fees relating to its patent and copyright infringement claims.

**AFFIRMED-IN-PART, REVERSED-IN-PART AND REMANDED**

Costs

No costs.

**All Citations**

Not Reported in Fed. Rptr., 2024 WL 2932910

Footnotes

1  Because some issues on appeal only apply to one of the two Cross-Appellants, we distinguish between Cross-Appellants, Alcor, and Mr. Frappa in this opinion.

2  Alifax Holding SpA was the only plaintiff in the initial Complaint filed on October 7, 2014. J.A. 136. Sire Analytical Systems SRL was added as a plaintiff in the Amended Complaint filed on March 17, 2015. J.A. 106. During litigation, Sire merged into Alifax. *New Trial Order* at 557 n.6.

3  In some places, the district court characterized the conversion algorithm and the alleged signal acquisition trade secrets as a single trade secret. *See Summary Judgment Order* at *6 (referring to "software and firmware concerning the acquisition and conversion of photometric measurements to an ESR value"). Elsewhere, it described them as separate trade secrets. *Alifax Holding Spa v. Alcor Sci. Inc.*, C.A. No. WES 14-440, 2021 WL 3022697, at *2 (D.R.I. July 16, 2021) ("*Order on New Trial Scope and Patent Fees*") (referring to "two software trade secrets"). We treat the alleged signal acquisition and conversion algorithm as two separate trade secrets.

4  The jury also found the Defendants misappropriated other trade secrets and had acted willfully and maliciously. J.A. 15194–98.

5  The court ruled that the jury would not be permitted to award damages against Mr. Frappa. *New Trial Order* at 558 n.7; J.A. 15330–31. This ruling is not subject to this appeal.

6  The court considered the motion for a new trial as a joint request from both Defendants. *New Trial Order*, 404 F. Supp. 3d at 556 n.3.

7  Because Alifax brought its trade secret claims under RIUTSA, we apply Rhode Island law. *Atl. Rsch. Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1356 (Fed. Cir. 2011). Nonetheless, we look to courts' interpretation of the Uniform Trade Secrets Act (UTSA) enacted by other states for guidance, because RIUTSA is "construed to ... make uniform the law with respect to the subject of this chapter among states enacting it." R.I. Gen. Laws § 6-41-8; *see Read & Lundy, Inc. v. Wash. Tr. Co. of Westerly*, No. PC99-2859, 2002 WL 31867868, at *8 (R.I. Super. Ct. Dec. 13, 2002) (citing cases from other jurisdictions adopting the UTSA to interpret provisions of RIUTSA), *aff'd*, 840 A.2d 1099 (R.I. 2004).

8  We do not address Alifax's challenge to the district court's *Daubert* decision excluding Mr. Bokhart's expert testimony because Alifax only raised this issue in a footnote in its opening brief. Appellant's Br. 41–42 n.9. *See Aquinnah/Gay Head Cmty. Assoc., Inc. v. Wampanoag Tribe of Gay Head (Aquinnah)*, 989 F.3d 72, 80 (1st Cir. 2021) (finding argument addressed in a single footnote in opening brief forfeited).

9  Instead, "the court, by granting only a partial new trial, cannot exclude from the jury an issue on which it has not yet passed" unless "the circumstances would justify a judgment as a matter of law on an issue." 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2814 (3d ed. 2022).

Case 1:23-cv-00328-JLH-CJB   Document 239-2   Filed 06/27/24   Page 11 of 11 PageID #: 15809

ALIFAX HOLDING SPA, Plaintiff-Appellant SIRE..., Not Reported in Fed....

10  Alifax additionally argues that the district court erred in requiring it to present expert testimony on damages. Appellant's Br. 37; *see Order Precluding Damages* at *3 & n.4. Because we do not agree with this reading of the district court's opinion, we do not separately address this argument.

---

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.