IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOHAVEN THERAPEUTICS LTD., a British Virgin Islands corporation, and YALE UNIVERSITY, a Connecticut corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>AVILAR THERAPEUTICS, INC., a Delaware corporation, and RA CAPITAL MANAGEMENT GP, LLC, a Delaware corporation,<br><br>   Defendants. | C.A. No. 23-cv-328-JLH-CJB |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE NEW ARGUMENTS INTRODUCED BY DEFENDANTS FOR THE FIRST TIME ON REPLY IN SUPPORT OF THEIR SUMMARY JUDGMENT AND *DAUBERT* MOTIONS (D.I. 777)**

1. Defendants fail to establish that the three belated Reply Brief arguments Plaintiffs moved to strike were in Defendants' Opening Brief. Defendants' purported references in footnotes or their Concise Statement of Facts (CSF) do not satisfy Local Rule 7.1.3(c)(2). *See Chervon (HK) Ltd. v. One World Techs., Inc.*, 2022 WL 14812531, at *2 (D. Del. Oct. 26, 2022); *In re Horsehead Holding Corp. Sec. Litig.*, 2018 WL 4838234, at *17 (D. Del. Oct. 4, 2018). Defendants' claim that the new Reply arguments "responded" to Plaintiffs' Answering Brief is irrelevant because Local Rule 7.1.3(c)(2) prohibits a party from withholding arguments for Reply. *See Grange Holdings v. Kan. City Life Ins.*, 2025 WL 1448777, at *3 (D. Del. May 20,

1

2025) (cited by Defendants). Defendants' procedural arguments are equally meritless—Plaintiffs appropriately and timely moved to strike Defendants' improper Reply arguments. The Court should grant Plaintiffs' motion and strike the improperly withheld Reply arguments.

    2.    <u>Zhang Deck (Reply Brief § I.A-B.)</u>: Defendants do not identify a single reference to the Zhang Deck in their Opening Brief (their Reply Brief, by contrast, uses the phrase "Zhang Deck" five times). Defendants claim that there are citations to the Zhang Deck and expert testimony about it in their CSF ¶53, D.I. 789 at 6-7, but that does not "fairly warn Plaintiff of what they must respond to in their answering brief." D.I. 785 at 4-5 (quoting *Horsehead Holding*, 2018 WL 4838234, at *17). Defendants argue that two pages in their Opening Brief have citations to CSF ¶53, D.I. 789 at 6, but none of these citations relate to the Zhang Deck.[1] The first page (D.I. 743 at 2) discusses work by scientists outside of the Spiegel Lab. The Zhang Deck is about the Spiegel Lab's work. D.I. 771, Ex. 38 (Rog. 3). The second page (D.I. 743 at 7) references the Spiegel Lab's published work. The Zhang Deck is not a Spiegel Lab publication (it was a poster for a graduate student visiting day). D.I. 771, Ex. 38 (Rog. 3). More broadly, neither cited page from the Opening Brief states that the Zhang Deck discloses any mechanism of action, chemical structure,

---

[1] Defendants' CSF ¶53 also discusses the academic literature and research outside of the Spiegel Lab. D.I. 740.

or trade secret. Defendants—improperly—withheld those arguments for Reply.

       3.      <u>Non-Confidential Presentations (Reply Brief § I.B.)</u>: Defendants claim that the "exact same slides" used in the eight pages of picture comparisons in Reply Brief §I.B. were described in three footnotes in the Opening Brief and 21 CSFs. D.I. 789 at 4-5. Again, that does not satisfy L.R. 7.1.3(c)(2). D.I. 785 at 6-8; *see One World Techs.*, 2022 WL 14812531, at *2 ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."); *Horsehead Holding*, 2018 WL 4838234, at *17 (arguments "hid" in the statement of facts are not sufficiently disclosed). Regardless, Defendants mischaracterize the argument Plaintiffs are moving to strike. Plaintiffs are not moving to strike Defendants' (erroneous) argument that slides in the non-confidential presentations are similar to confidential materials Dr. Spiegel provided to RA Capital. Plaintiffs are moving to strike Defendants' (also erroneous) arguments—made for the first time in the Reply Brief's eight-page picture comparisons—about which specific trade secrets the non-confidential presentations purportedly disclose and how they do so. D.I. 785 at 6-8. Defendants cite nothing in the Opening Brief or the CSF that addresses this issue.[2]

---

[2] Defendants likewise fail to cite anything in their Opening Brief identifying the arguments that Plaintiffs purportedly admitted to and that Defendants in fact raised for the first time in their Reply's "Plaintiffs' Admissions" column. *Compare* D.I. 785 at 8, *with* D.I. 789 at 5.

4. <u>MDB Deck (Reply Brief § I.A.)</u>: Defendants do not meaningfully dispute that they mischaracterized Dr. Strieter's testimony about whether the MODA Technology's "mechanism of action" was included in the MDB Deck. *Compare* D.I. 789 at 3-4, *with* D.I. 785 at 8-9. Defendants also admit that the sole reference in their opening papers to the MDB Deck's "mechanism of action" is in CSF ¶15. D.I. 789 at 3 ("Defendants' Opening Brief argued that the non-confidential deck shared with MDB Capital disclosed Trade Secrets 1-6 ('TS1-6'), including the mechanism of action of the MODA Technology. Specifically, Paragraph 15 of the Concise Statement of Facts expressly stated, 'Slide 10 of the MDB Deck identifies ███ ███████████████████████████████████████████'"). This is dispositive. Defendants should have included their belated MDB Deck arguments in a "full and fair opening brief" if they wished to rely on them for summary judgment. D.I. 785 at 8-9; *see Horsehead Holding*, 2018 WL 4838234, at *17.

5. Defendants, relying on *Grange*, 2025 WL 1448777, at *3, claim that their new Reply arguments are permissible because they "respond" to Plaintiffs' Answering Brief. D.I. 789 at 2-5, 10. Defendants mischaracterize *Grange*. The *Grange* court explained that responsive arguments in reply are still subject to L.R. 7.1.3(c)(2). 2025 WL 1448777, at *3.[3] This makes sense—otherwise, parties could

---

[3] The *Grange* court did not perform the analysis of whether the contested arguments should have been included in the Opening Brief pursuant to L.R. 7.1.3(c)(2) because

easily circumvent L.R. 7.1.3(c)(2) by framing impermissibly withheld arguments as "responsive." L.R. 7.1.3(c)(2) exists precisely to prevent that sort of "sandbagging." *One World Techs.*, 2022 WL 14812531, at *2. Whether Defendants' new Reply arguments are responsive to Plaintiffs' Answering Brief is immaterial because Defendants should have first raised these Reply arguments in their Opening Brief but did not do so. *See* D.I. 785 at 4-5, 8-9. For this reason, *F'Real Foods v. Hamilton Beach Brands*, 2020 WL 4932223, at *1 (D. Del. June 24, 2020), is inapposite—the moving party in that case, unlike Defendants here, fronted the purportedly new reply arguments in their opening brief.

6. Contrary to Defendants' assertions, D.I. 789 at 11-13, Plaintiffs' motion to strike is procedurally proper and timely. Defendants' argument that litigants can only file motions to strike pleadings, *id.* at 11, is wrong. Courts in this District may grant motions to strike pursuant to their "inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of the litigation," *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, 2019 WL 4041586, at *2 n.4 (D. Del. Aug. 27, 2019) (citations omitted), including when parties violate L.R. 7.1.3(c)(2), *see Bos. Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006).

---

it found the contested arguments irrelevant and dismissed the motion as moot. 2025 WL 1448777, at *3.

5

7. Defendants' timeliness arguments, D.I. 789 at 12-13, also fail. "[T]here are no temporal restrictions on the court's ability to exercise its inherent authority to strike a filing." *See T-Jat,* 2019 WL 4041586, at *2. Regardless, Plaintiffs moved expeditiously after determining that Defendants' Reply Brief contained improper new arguments. Plaintiffs raised the issue to Defendants on July 3, met and conferred with Defendants on July 11 (after Defendants insisted that they were unavailable earlier in the week), and filed their motion the next business day. Tellingly, Defendants do not (and cannot) claim any prejudice over the purported delay.

8. Defendants' other arguments are equally meritless:

- Defendants argue that *Horsehead Holding*'s procedural posture precludes its relevance here. D.I. 789 at 7. But procedural posture played no role in that court's refusal to consider arguments that the defendants "failed to clearly assert in their opening brief." 2018 WL 4838234, at *17. L.R. 7.1.3(c)(2) does not distinguish between motion types. And *Horsehead Holdings* cited *four* summary judgment decisions holding litigants to the same requirement. 2018 WL 4838234, at *17.

- Defendants continue to improperly relitigate the propriety of Plaintiffs' Trade Secret Identification. D.I. 789 at 9-10; *see* D.I. 767 at 15 (Plaintiffs' Answering Brief noting the same). The Court should reject Defendants' repeated attempts to evade Judge Burke's orders regarding the TSID.

- Defendants incorrectly claim that Plaintiffs' motion to strike is a disguised surreply. Not so. Plaintiffs' motion to strike identified the Reply arguments that Defendants improperly withheld and explained how these improperly withheld arguments prejudiced Plaintiffs. To the extent the Court wishes to consider any of these arguments, Plaintiffs request the opportunity to file a fulsome response.

Dated: July 28, 2025

Respectfully submitted,

FARNAN LLP

*/s/* Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Kalpana Srinivasan (admitted *pro hac vice*)
Nicholas N. Spear (admitted *pro hac vice*)
Monica Daegele (admitted *pro hac vice*)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
ksrinivasan@susmangodfrey.com
nspear@susmangodfrey.com
mdaegele@susmangodfrey.com

Eudokia Spanos (admitted *pro hac vice*)
SUSMAN GODFREY LLP
One Manhattan West
New York, NY 10001
Phone: (212) 336-8330
espanos@susmangodfrey.com

Jerry Klaristenfeld (admitted *pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana St, Suite 5100
Houston, TX 77002
Phone: (713) 653-7871
cfredricks@susmangodfrey.com
jklaristenfeld@susmangodfrey.com

*Attorneys for Plaintiff Yale University*

7