**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BIOHAVEN THERAPEUTICS LTD., a British Virgin Islands corporation, and YALE UNIVERSITY, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AVILAR THERAPEUTICS, INC., a Delaware corporation, and RA CAPITAL MANAGEMENT GP, LLC, a Delaware corporation,<br><br>Defendants. | C.A. No. 23-cv-328-JLH-CJB |
| AVILAR THERAPEUTICS, INC., a Delaware corporation, and RA CAPITAL MANAGEMENT GP, LLC, a Delaware corporation,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>BIOHAVEN THERAPEUTICS LTD., a British Virgin Islands corporation, and YALE UNIVERSITY, a Connecticut corporation,<br><br>Counterclaim-Defendants. | |

**~~[PROPOSED]~~ JUDGMENT FOLLOWING JURY VERDICT**

Pursuant to the Jury Verdict of July 24, 2026,[1] JUDGMENT is hereby entered under Federal Rule of Civil Procedure 58 as follows:

1. This Court's Orders granting Defendants RA Capital Management GP, LLC ("RA") and Avilar Therapeutics, Inc.'s ("Avilar") motions for summary judgment on Plaintiffs Yale University ("Yale") and Biohaven Therapeutics Ltd.'s ("Biohaven") claims based on Alleged Trade Secrets 1-6 (D.I. 955) and Alleged Trade Secret 9 (D.I. 957, 1000) are incorporated by reference into this judgment. The Court's Order granting Defendants RA and Avilar's motion to exclude expert testimony under *Daubert* is also incorporated by reference into this judgment (D.I. 969, 1001).

2. Judgment is entered in favor of Plaintiff Yale against Defendant RA Capital with respect to Plaintiff Yale's claim for breach of contract for damages in the amount of $2,000,000 to Yale. Judgment is entered in favor of Plaintiffs Yale and Biohaven against Defendants RA and Avilar with respect to Plaintiffs Yale and Biohaven's claims for willful and malicious misappropriation of Trade Secret A7 under the Defend Trade Secrets Act of 2016 ("DTSA"), codified at 18 U.S.C. § 1836, et seq, and Delaware Uniform Trade Secret Act ("DUTSA"), codified at 6 Del. C. § 2001, et seq. for damages in the amount of $1,000,000 for Yale and $1,000,000 for Biohaven. The amount of exemplary damages awarded is $0.

3. Judgment is entered in favor of Defendants RA and Avilar with respect to Plaintiffs Yale and Biohaven's claims for misappropriation of Alleged Trade Secret B8 under the DTSA, codified at 18 U.S.C. § 1836, et seq, and DUTSA, codified at 6 Del. C. § 2001, et seq.

4. It is further ordered that this Judgment shall have the effect of denying all oral and written

[1] The questions submitted to the jury and the jury's answers are attached as Exhibit A and are incorporated by reference into this judgment.

motions made by the parties during the trial pursuant to and in accordance with Federal Rule of Civil Procedure 50(a), without prejudice to, and subject to, such motions being renewed as post-trial motions.

5. This Judgment serves to trigger the time for filing post-trial motions on issues that were decided by the jury, as well as other post-trial matters.

6. It is further ordered that the deadline for any party to move for pre-judgment interest, costs, and attorney's fees (including under 18 U.S.C. § 1836) is extended to within twenty-eight (28) days after this Judgment is entered.

7. Pursuant to Federal Rule of Civil Procedure 62(a), execution on a judgment and proceedings to enforce it are automatically stayed for thirty (30) days after its entry, unless the Court orders otherwise.

8. It is ordered that the stay of execution of this Judgment, and of any modified Judgment once entered, is extended until thirty (30) days after the entry of final judgment.

9. It is further ordered that Defendants shall not be obligated to post a bond or other security, and Plaintiffs shall not take any action to enforce this Judgment, or any modified Judgment, until thirty (30) days after the entry of final judgment.

10. This Judgment is subject to modification following the Court's consideration of the parties' post-trial motions.

**SO ORDERED** this 24th day of August, 2026.

The Honorable Jennifer L. Hall
United States District Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BIOHAVEN THERAPEUTICS LTD., a British Virgin Islands corporation, and YALE UNIVERSITY, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AVILAR THERAPEUTICS, INC., a Delaware corporation, and RA CAPITAL MANAGEMENT GP, LLC, a Delaware corporation,<br><br>Defendants. | C.A. No. 23-cv-328-JLH-CJB |
| AVILAR THERAPEUTICS, INC., a Delaware corporation, and RA CAPITAL MANAGEMENT GP, LLC, a Delaware corporation,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>BIOHAVEN THERAPEUTICS LTD., a British Virgin Islands corporation, and YALE UNIVERSITY, a Connecticut corporation,<br><br>Counterclaim-Defendants. | |

**VERDICT FORM**

We, the jury in the above-entitled action, unanimously find as follows:

## I. BREACH OF CONTRACT

Question No. 1: Did Yale prove, by a preponderance of the evidence, that RA breached its Confidential Disclosure Agreement with Yale?

(write a "✓" in the column corresponding to your finding)

YES: ✓ NO:______

If you answered "Yes," then proceed to **Question No. 2**. If you answered "No," then skip Question No. 2 and proceed to **Question No. 3**.

Question No. 2: If you answered "Yes" to Question 1, did Yale suffer damages as a result of RA's breach and if so, what amount, if any, do you award Yale for RA's breach of contract?

Answer: $2,000,000.00

Proceed to **Question No. 3**.

## II. TRADE SECRET MISAPPROPRIATION

*Below is a list of each item of information Plaintiffs have alleged to be a trade secret in this action.*

*Trade Secret A7: A roadmap for designing more effective MODA molecules, as evidenced by (i) the correlation between efficacy (i.e., ability to eliminate target protein) and binding affinity for the ASGPR binding moiety, (ii) information on binding affinities and binding locations of MODA molecules for target proteins, and (iii) Dr. Spiegel's mathematical model, which provides accurate predictions to optimize the MODA molecules and ASGPR mediated extracellular protein degradation for therapeutic use. Key Exhibits are PX2694 at slides 16-20, 22-23.*

*Trade Secret B8: A roadmap for developing an oral therapy using MODA molecules and MODA Technology, more specifically how to design, optimize, and screen for effective orally available molecules. This more specifically means:*

- *showing that monovalent and bivalent ligands – those containing only one or two ASGPR binding sites – are effective in mediating cellular uptake as long as ligand affinity for ASGPR is high enough;*
- *showing that monovalent and bivalent ligands are potentially important for reducing molecular weight and obtaining an oral dosage-form drug; and*
- *providing a target product profile (TPP) obtained from calculations using Dr. Spiegel's mathematical model and which detailed ASGPR moiety properties, more specifically an ideal ASGPR binding affinity (Kd <20 nM). Key Exhibits are PX2694 at slides 16-25.*

Question No. 3: Did Plaintiffs prove, by a preponderance of the evidence, that either of the following is a trade secret?

(write a "✓" in the column corresponding to your finding)

A7: YES: ✓ NO:______

B8: YES:_____ NO: ✓

If you answered "Yes" for either Alleged Trade Secret in **Question No. 3**, proceed to **Question No. 4**.

If you answered "No" to both, skip to the end and sign the verdict.

Question No. 4:

For each Alleged Trade Secret for which you answered "Yes" in **Question 3**, did each Plaintiff prove, by a preponderance of the evidence, that it owned the Alleged Trade Secret?

(write "Yes" or "No" in each box)
("Yes" is a finding for the corresponding Plaintiff; "No" is a finding for Defendants)

| Alleged Trade Secret # | Owned by Yale | Owned by Biohaven |
|---|---|---|
| A7 | Yes | YES |
| B8 | NO | NO |

If you answered "Yes" in any box in **Question No. 4**, proceed to **Question 5**.

If you answered "No" to all, skip to the end and sign the verdict.

Question No. 5: For each Alleged Trade Secret for which you answered "Yes" in **Question No. 3 and Question No. 4**, did Plaintiffs prove, by a preponderance of the evidence, that Defendants misappropriated that Alleged Trade Secret through Acquisition by Improper Means, Misappropriation by Disclosure, and/or Misappropriation by Use?

(write "Yes" or "No" in each box)
("Yes" is a finding for Plaintiffs; "No" is a finding for Defendants)

| **Alleged Trade Secret #** | **Acquisition by Improper Means** | **Misappropriation by Disclosure** | **Misappropriation by Use** |
|---|---|---|---|
| A7 | NO | YES | YES |
| B8 | NO | NO | NO |

If you answered "Yes" in any box in **Question 5**, proceed to **Question 6**.

If you answered "No" to all, skip to the end and sign the verdict.

Question No. 6: If you answered "Yes" to any part of Question 5, what amount, if any, do you award Yale for Defendants' misappropriation of trade secrets?

*Any award for trade secret misappropriation to Yale must not include any compensation already awarded for breach of contract.*

Answer: $1,000,000.00

Question No. 7: If your award of damages to Yale in Question 6 is based on a reasonable royalty measure of damages, what running royalty and sublicense income, as a percentage of future sales, if any, do you award Yale?

Running Royalty: 0 %

Sublicense Income: 0 %

Question No. 8: If you answered "Yes" to any part of Question 5, what amount, if any, do you award Biohaven for Defendants' misappropriation of trade secrets?

Answer: $1,000,000.00

If your answers to either **Question 6** or **Question 8** contained an amount greater than $0, then proceed to **Question 9**. If not, then proceed to **Question 11.**

## III. WILLFUL AND MALICIOUS MISAPPROPRIATION

Question No. 9: Was Defendants' misappropriation of Plaintiffs' trade secrets willful and malicious?

YES: ✓ NO:_____

Question No. 10: If you answered "Yes" to Question 9, what amount, if any, should Defendants be ordered to pay as exemplary damages for their willful and malicious misappropriation of Plaintiffs' trade secrets?

Answer: $0

Proceed to **Question 11**.

## IV. DELAWARE HARM

Question No. 11: If you answered "Yes" to any part of **Question 5**, have Plaintiffs proven, by a preponderance of the evidence, that the alleged misappropriation occurred in Delaware?

YES: ✓ NO:______

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations. The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Dated: 07/24/26

[redacted]